# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
KIA ELDER

## DEFENDANTS
COMCAST CORPORATION

**(b)** County of Residence of First Listed Plaintiff: PHILADELPHIA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
CRAIG THOR KIMMEL, KIMMEL & SILVERMAN, P.C.
30 EAST BUTLER PIKE, AMBLER, PA 19002
PHONE: (215) 540-8888 EXT. 116

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION
☒ 3 Federal Question (U.S. Government Not a Party)

## III. CITIZENSHIP OF PRINCIPAL PARTIES
*(For Diversity Cases Only)*

## IV. NATURE OF SUIT
☒ 890 Other Statutory Actions

## V. ORIGIN
☒ 1 Original Proceeding

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing: 47 U.S.C. § 227 et seq.
Brief description of cause: TELEPHONE CONSUMER PROTECTION ACT

## VII. REQUESTED IN COMPLAINT:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

DATE: 07/10/2015
SIGNATURE OF ATTORNEY OF RECORD: [signature]

FOR OFFICE USE ONLY
RECEIPT # ___ AMOUNT ___ APPLYING IFP ___ JUDGE ___ MAG. JUDGE ___

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 1415 Fairmont Avenue, Philadelphia, PA 19130

Address of Defendant: One Comcast Center, Philadelphia, PA 19103

Place of Accident, Incident or Transaction: _____
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a)) Yes☐ No☒

Does this case involve multidistrict litigation possibilities? Yes☐ No☒

RELATED CASE, IF ANY:
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
Yes☐ No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
Yes☐ No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
Yes☐ No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
Yes☐ No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. Federal Question Cases:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
(Please specify) 47 U.S.C. § 227 et seq.

B. Diversity Jurisdiction Cases:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
(Please specify) _____

ARBITRATION CERTIFICATION
(Check Appropriate Category)
I, CRAIG THOR KIMMEL, counsel of record do hereby certify:
☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: 07-10-15     _____     57100
                    Attorney-at-Law      Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 07-10-15     _____     57100
                    Attorney-at-Law      Attorney I.D.#

CIV. 609 (5/2012)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| KIA ELDER | : | CIVIL ACTION |
| v. | : | |
| COMCAST CORPORATION | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   (X)

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   ( )

| 07-10-15 | | Plaintiff, Kia Elder |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-540-8888 x 116 | 877-788-2864 | kimmel@creditlaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT
# FOR THE
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KIA ELDER, <br><br> Plaintiff <br><br> v. <br><br> COMCAST CORPORATION, <br><br> Defendant | Case No.: <br><br> COMPLAINT AND DEMAND FOR JURY TRIAL <br><br> (Telephone Consumer Protection Act) |

## COMPLAINT

KIA ELDER ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against COMCAST CORPORATION ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3. Defendant conducts business in the Commonwealth of Pennsylvania and as such, personal jurisdiction is established.

1

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Philadelphia, Pennsylvania 19130.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7. Defendant is a corporation with its headquarters located at One Comcast Center, Philadelphia, Pennsylvania 19103.

8. Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. Plaintiff has a cellular telephone number that she has had for more than one year.

11. Plaintiff has only used this number as a cellular telephone number.

12. The phone number has been assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls.

13. Beginning in late September 2014, and continuing through June 2015, Defendant repeatedly called Plaintiff on her cellular telephone.

14. When contacting Plaintiff on her cellular telephone, Defendant used an automatic telephone dialing system and automated and/or pre-recorded messages.

15. Defendant's automated messages stated: "We're calling from Comcast," before the call would be transferred to a live representative.

16. Defendant's telephone calls were not made for "emergency purposes."

17. In late September 2014, Plaintiff spoke with a male collector of Defendant who informed Plaintiff he was calling to collect on a $527.00 cable television bill.

18. Plaintiff informed Defendant that she had paid that debt in 2011 and told the collector that she wanted Comcast to stop calling her on her cellular telephone.

19. Defendant acknowledged Plaintiff's instructions to stop calling her cellular telephone but the calls did not stop.

20. Defendant continued to call Plaintiff on her cellular telephone, and at this point it was entirely without her express prior consent.

21. From late September 2014, Defendant placed cellular calls to Plaintiff an average of once or twice each day.

22. Calls continued at least through June 18, 2015.

23. None of the phone calls were made for "emergency purposes."

## DEFENDANT VIOLATED THE
## TELEPHONE CONSUMER PROTECTION ACT

24. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

25. Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone using a prerecorded voice and without her express prior consent.

26. Defendant initiated these automated calls to Plaintiff using an automatic telephone dialing system.

27. Defendant's calls to Plaintiff were not made for emergency purposes.

28. Defendant's calls to Plaintiff, in and after September 2014, were not made with Plaintiff's prior express consent.

29. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

30. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

31. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, KIA ELDER, respectfully prays for a judgment as follows:

    a.    All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

    b.    Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

    c.    Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

    d.    Injunctive relief pursuant to 47 U.S.C. § 227(b)(3); and

    e.    Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff KIA ELDER, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

DATED: 07/10/15

KIMMEL & SILVERMAN, P.C.

By: _____
CRAIG THOR KIMMEL
Attorney ID # 57100
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Fax: (877) 788-2864
Email: kimmel@creditlaw.com